**Donald Wayne WRIGHT, Petitioner—Appellant,**

v.

**Gail LEWIS, Warden, Respondent—Appellee.**

No. 03–15524.

D.C. No. CV–01–5128–DLB.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 17, 2004.

Decided July 19, 2004.

Donald Wayne Wright, Coalinga, CA, pro se.

Carolyn M. Wiggin, Federal Public Defender's Office, Sacramento, CA, for Petitioner–Appellant.

Robert R. Anderson, Depty. Atty. Gen., Janine R. Busch, Office of the California Attorney General, Department of Justice, Sacramento, CA, for Respondent–Appellee.

Before HUG, CANBY, and TALLMAN, Circuit Judges.

### MEMORANDUM *

Pursuant to a plea agreement, petitioner Donald Wayne Wright pleaded no contest to numerous theft, burglary, and possession charges. Neither the trial court nor his attorney advised Wright that he would be required to serve a mandatory period of parole after completing his prison sentence. After learning of the parole consequences of his plea, Wright moved to withdraw his no contest plea on the ground that he did not make his decision while fully aware of the consequences of his plea. The trial court denied his motion.

Pursuant to his plea agreement covering three separate cases, Wright pled no contest to single counts of possession of stolen property, vehicle theft, second degree burglary, attempted vehicle theft, evading a police officer, and possession of methamphetamine for purposes of sale, and to two counts of first degree burglary. Also pursuant to the agreement, Wright admitted allegations that he committed the offenses charged in the first case while released on bail (a violation of California Penal Code § 12022.1) and that he had suffered three

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

felony convictions, each of which qualified both as a strike and as a prior serious conviction under California's habitual criminal sentence enhancement statute (California Penal Code § 667(a)). The court struck two of Wright's strikes and imposed an aggregate prison term of thirty-seven years.

Wright filed a timely notice of appeal of the denial to withdraw his plea. The California Court of Appeal acknowledged that it was error under California law to fail to advise Wright of his mandatory parole sentence, but held that Wright could not show that he was prejudiced by that error.

We review this case under the standard required for habeas corpus petitions provided by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under that standard, we may reverse the district court's denial of Wright's petition only if the state court proceedings "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d); *see also Bartlett v. Alameida,* 366 F.3d 1020, 1023 (9th Cir. 2004). The Supreme Court explained that "[s]ection 2254(d)(1)'s 'clearly established' phrase refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision. In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade,* 538

U.S. 63, 71, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003) (internal citations and quotations omitted).

Because the Supreme Court has not held that mandatory parole is a direct consequence of a guilty plea, it is not clearly established federal law that a defendant must be advised of such parole consequences before entering a voluntary, intelligent guilty plea.[1] Therefore, the California Court of Appeal's decision, holding that Wright was not entitled to relief despite not being informed of the mandatory parole sentence, is not contrary to clearly established federal law as determined by the Supreme Court. Although it decided the case on state law grounds, we hold that the state court did not unreasonably apply clearly established federal law or make an unreasonable determination of the facts.

The district court's denial of Johnson's petition is **AFFIRMED.**

---

1. In *Hill v. Lockhart,* the Court addressed early-release parole and held that early-release parole is not a direct consequence of a guilty plea. 474 U.S. 52, 56, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).